STEPHEN ROCHETTE *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

June 12, 1884.

**Railroad Company—Excavation in Part of Street not Abutting Plaintiff's Land.**—The allegations of the complaint are that defendant, in constructing its railroad, made an excavation across certain streets in the vicinity of plaintiff's premises, thereby cutting off his most convenient and usual means of access to and egress from them, to and from his place of business in the city, and thereby compelling him to resort to a less convenient and accessible route. There is no allegation that any of his property has been taken or physically touched or disturbed, or that the part of the street in which the excavation was made abuts his premises, or that the acts complained of were without authority of law, or that they were improperly done, or that this excavation cuts plaintiff off from *all* access to his property. *Held*, (following *Shaubut* v. *St. Paul & S. C. R. Co.*, 21 Minn. 502,) that this states no cause of action.

**Same—Injuries not Special—Right of Action.**—These injuries are not special to plaintiff, but the same in *kind* sustained by the public in common with himself, and therefore the acts complained of, even if unlawful, would constitute a public nuisance only, and would give plaintiff no action for private damages.

**Same—Taking of Property.**—The acts referred to do not constitute a "taking" of his property, within the meaning of the constitution, so as to entitle plaintiff to compensation.

**Same—Laws 1872, c. 53.**—The rule in this regard has not been changed by chapter 53, Laws 1872, amending Gen. St. 1866, c. 34.

Plaintiff appeals from an order of the district court for Ramsey county, *Wilkin*, J., presiding, sustaining a demurrer to the complaint.

*E. S. Chittenden*, for appellant, cited *Weaver* v. *Miss. & R. R. Boom Co.*, 28 Minn. 534; *Wilmes* v. *Minn. & N. W. Ry. Co.*, 29 Minn. 242; *McKenzie* v. *Miss. & R. R. Boom Co.*, 29 Minn. 288; *Harrington* v. *St. P. & S. C. R. Co.*, 17 Minn. 188, (215;) *Sherwood* v. *St. P. & C. R. Co.*, 21 Minn. 122; *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166; *Brown* v. *Providence, etc., R. Co.*, 5 Gray, 35; *Hooker* v. *N. H. & N. Co.*, 14 Conn. 146; *Bradley* v. *N. Y. & N. H. R. Co.*, 21 Conn. 294;

*Rigney* v. *City of Chicago*, 102 Ill. 64; *Stone* v. *Fairbury, etc., R. Co.*, 68 Ill. 394; *Stetson* v. *Chicago & E. R. Co.*, 75 Ill. 74; *Evansville & C. R. Co.* v. *Dick*, 9 Ind. 433; *Fletcher* v. *Auburn & S. R. Co.*, 25 Wend. 462; *Little Miami R. Co.* v. *Naylor*, 2 Ohio St. 235; *Glover* v. *Powell*, 10 N. J. Eq. 211; *Buckner* v. *Chicago, etc., Ry. Co.*, 56 Wis. 403; *Beckett* v. *Midland Ry. Co.*, L. R. 3 C. P. 82, 93; *McCarthy* v. *Metropolitan Bd. of Works*, L. R. 7 C. P. 508; Pierce on Railroads, 176; 1 Redfield on Railroads, 291.

*Bigelow, Flandrau & Squires*, for respondent.

MITCHELL, J.   The question in this case is whether the complaint states a cause of action.   The facts alleged are that plaintiff is the owner of lots 49, 50, and 51, of Daly's subdivision of block 2 of Stinson, Brown & Ramsey's addition to St. Paul, on which are situated two houses, one of which is occupied by himself and the other by his tenants; that these houses are so situated that, previous to the acts complained of, *plaintiff's best, most convenient, and usual means of access to and egress from his said houses* was by way of Duke street on the west, and Grace street on the south, by and through which he was accustomed to reach Fort street, and his place of business in St. Paul, and that this means of access and egress was short and convenient, and greatly used by him; that the defendant has built and is operating a railroad immediately adjoining said real estate of plaintiff, and within three feet of his south line; that in building said road defendant excavated to the depth of seven feet across Duke street and in and upon Grace street, whereby defendant obstructed and interfered with and prevented the use and enjoyment of said streets by plaintiff, as he had been accustomed and was entitled to use and enjoy the same, and cut off and prevented, and rendered dangerous, his use of this means of access to and egress from his property, and compelled him to seek and use a much less convenient and accessible route, greatly to his loss and damage.

It will be observed that there is no allegation that any of plaintiff's property has been taken, or that the *corpus* of it has been in any way physically touched or disturbed.   Neither is it alleged that the act of defendant in making this excavation on these streets is unlawful, nor that the part of the streets upon which it is done abuts plain-

iff's premises; in fact, it is conceded that it is not. Nor is it alleged that the excavation has been improperly or negligently done. There is no claim that this excavation cuts off plaintiff from all means of access and egress to and from his premises—simply that it cuts him off from the most convenient means, and compels him to resort to others which are less convenient. The injuries, therefore, which he suffers are not special to himself, but such as are sustained in common with the public, possibly greater in degree, but the same in kind. On these facts this case is not distinguishable in principle from *Shaubut* v. *St. Paul & S. C. R. Co.*, 21 Minn. 502.

The plaintiff insists that chapter 53, Laws 1872, (Gen. St. 1878, *c. 34*, §§ 14, 17, 18,) amending Gen. St. 1866, *c. 34*, regarding the exercise of the right of eminent domain by corporations, so enlarges the scope of the statute as to require such corporations to make compensation for property *injuriously affected*, although no part has been actually taken, and that, defendant not having done so, he is entitled to bring this action. We do not think that the amendment of 1872 was designed to impose any new or additional liability in that regard upon such corporations. It merely regulates and changes somewhat the mode of procedure. It contains no words imposing any such obligation. It was not the intention to change the rule as to what property a railroad company might acquire, and for which it was to pay compensation, but simply, as before remarked, to improve the mode of procedure. If the legislature had designed to make such a change, they would presumably have so declared in express and apt words.

It will be found that in the English railway act, and in the statute of Massachusetts, it is expressly provided that corporations authorized to exercise the right of eminent domain shall, as a condition upon which they can exercise the right, make compensation for all lands taken or injuriously affected. The constitution of Illinois provides that "private property shall not be taken or damaged for public use without just compensation." The language of our constitution is, "private property shall not be taken for public use without just compensation therefor first paid or secured." In view of this difference, decisions under the statutes of England and Massachu-

setts, or the constitution of Illinois, are not in point. But even under these decisions the plaintiff would not be entitled to compensation. The rule they generally lay down is that to entitle a party to compensation he must have sustained *special* damage with respect to his property, different in *kind* from that sustained by the public generally, and which, by common law, would have given him a private right of action. *Prop. of Locks, etc.*, v. *N. & L. R. Co.*, 10 Cush. 385; *Rigney* v. *City of Chicago*, 102 Ill. 64; *Cal. Ry. Co.* v. *Ogilvy*, 2 Macq. 229; *Beckett* v. *Midland Ry. Co.*, L. R. 3 C. P. 82; *McCarthy* v. *Met. Board of Works*, L. R. 7 C. P. 508. No law ever proposed to give indemnity for all losses occasioned by the construction of railroads and other public improvements. If it did, it would extend indefinitely. Take the present case. If plaintiff is entitled to damages, why not the owner of the next lot, and the next, and so on, so as to include all who live or own property in that part of the city, and who have occasion to use these streets; for they may all be affected and inconvenienced in the same manner, although in a less degree. Under any view of the case, the plaintiff was not entitled to recover, and the demurrer to his complaint was properly sustained.

We do not wish to be understood, from what has been said, as intimating that there may not be such a direct physical obstruction or injury to private property as would, within the spirit of the constitution, amount to a "taking" which would entitle the owner to compensation, although the *corpus* of the property itself was not touched or disturbed, as, for example, where *all* access to the property is destroyed, or where a part of the street abutting on the property is taken, although the part actually appropriated is beyond the centre line of the street. We leave such cases to be decided when they arise.

Order affirmed.