PETER LAKKIE *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAIL-
WAY COMPANY.

November 1, 1890.

**Obstruction of Street by Railway — Private Action. —** A complaint,
alleging the obstruction of public streets by the construction of a railroad
therein, *held* insufficient to show that the plaintiff's access to his premises
(not adjacent to such obstructions) was thereby so impaired as to entitle
him to maintain a private action therefor.

Action brought in the district court for St. Louis county to re-
cover $1,530 damages for obstruction of streets.   Plaintiff appeals
from an order by *Ensign,* J., sustaining a demurrer to his complaint.

*Jno. Jenswold, Jr.,* for appellant.

*James H. Howe* and *S. L. Perrin,* for respondent.

DICKINSON, J.   This appeal is from an order sustaining a demur-
rer to the complaint.   The plaintiff seeks to recover damages for the
obstruction of access to his premises, caused by the construction of
the defendant's railroad in and across certain streets in the city of
Duluth.   The question here is whether the complaint shows that ac-
cess to the plaintiff's property has been cut off by the construction
of the defendant's road so that he is entitled to maintain a private
action for the obstruction of the streets.

We concur with the conclusion of the court below that the com-
plaint does not show that access to the property has been cut off.   A
map of this part of the city, showing the streets, lots, and blocks,
and the railroad tracks, is attached to the complaint as a part of it.
The premises are a part of Rice's Point, which extends southward into
the lake, and is surrounded by water except on the north.   Fourth street
and Third street run north and south, Fourth street being the next
street east of Third.   These streets are crossed by Oak avenue and
Pine avenue, running east and west, Oak avenue being north of Pine.
Five other streets cross Third street and run to or across Fourth street
north of Oak avenue.   The plaintiff's property is situate on Fourth
street some distance from the railroad tracks, and a short distance

south of the crossing of Oak avenue, and between that avenue and Pine avenue. It is alleged that the only access to this property is "by way of Fourth street and Oak avenue and Third street, or along Fourth street." The defendant constructed, and has maintained, a double line of railway track along Fourth street, from the north to a point a little north of Oak avenue, where it turns and runs south-easterly, crossing Oak avenue and Third street near the place of their intersection. It is alleged that one of these tracks was constructed by excavating the soil in Oak avenue and across Third street to a depth of from 2 to 3 feet, and of a width of about 30 feet, and by placing ties and rails thereon, without making or maintaining any crossing or passage across or along the same; and that the other track along Fourth street and Oak avenue, and across Third street, was constructed upon piling so low and set so close together and in such a manner that passage through, across, along, and under the same is practically impossible except on foot, and then connected with great danger. It is then alleged "that by reason thereof all access to said property, except across private property *and said obstruction,* has been cut off," the impairment of the rental value being also alleged. It will be observed that the excavation referred to, for one of the tracks, at most only affects the access to the plaintiff's property by way of Third street and Oak avenue. It does not appear that the approach by way of Fourth street is prevented. It would seem, from the map annexed to the complaint, that the tracks do not occupy Fourth street to its full width, and presumably that part of the street not occupied by the tracks is available for ordinary travel. But conceding that the complaint does show that all the ways of approach are obstructed to some extent, it falls short of alleging that access to this property by way of the streets has been cut off. While the full extent and nature of the impediments to travel are not very apparent, the concluding allegation of the complaint as to this is that "all access to said property, *except* across private property *and said obstruction,* has been cut off." This exception by the pleader excludes the idea that the obstructions in the way of approach to this property are such as to prevent or seriously interfere with the passage along or across these streets and over the obstructions referred to. Under

the rule laid down and applied in *Shaubut* v. *St. Paul & Sioux City R. Co.*, 21 Minn. 502; *Rochette* v. *Chicago, Mil. & St. Paul Ry. Co.*, 32 Minn. 201, (20 N. W. Rep. 140;) *Barnum* v. *Minn. Transfer Ry. Co.*, 33 Minn. 365, (23 N. W. Rep. 538,)—see, also, *Swanson* v. *Miss., etc., Boom Co.*, 42 Minn. 532, (44 N. W. Rep. 986,)—the complaint is insufficient to show a private right of action.

Order affirmed.