ALBERT J. LAMMERS *vs.* MARY A. BRENNAN and others, Administrators.

May 13, 1891.

**Obstruction of Navigable Stream — Action by Contractor for Driving Logs.**—A person who has entered into a contract obligating himself to drive logs down a stream navigable for such purposes, knowing that the stream had been and was unlawfully obstructed, and who is hindered and subjected to expense in performing his undertaking, by reason of such impediments, is not entitled to maintain a private action for damages against the person creating such obstructions in the highway.

Plaintiff having presented a claim against the estate of Thomas Brennan to the probate court of Ramsey county, which was disallowed, appealed to the district court for the same county, and there filed a complaint, in substance as follows: For more than five years past the appellant has been and still is engaged in logging and lumbering on the Grindstone river, a tributary of Kettle river, the two forming part of the navigable tributaries of the St. Croix river. All plaintiff's logging operations have been and are carried on under contracts made by him with owners of pine lands near the Grindstone river, by which he is bound to cut and haul the logs on such lands, and bank them on that river, and thereafter, and during the driving season of each year, drive them down that river into Kettle river and the St. Croix river to the booms at Stillwater. The amount of such timber that plaintiff is still under contract to drive is at least 35,000,000 feet, board measure, and he will require at least four years to complete his operations. The Grindstone river has been for many years and until obstructed by the decedent navigable for logs, and during the spring of every year for many years before plaintiff engaged in lumbering, large quantities of pine sawlogs have been floated and driven down that river into Kettle river and thence into the St. Croix river. In the years 1885, 1886, 1887, and 1888, Thomas Brennan, in his lifetime, unlawfully caused large quantities of slabs, sawdust, and other refuse to be placed and

thrown into the Grindstone river at the place where it is crossed by the St. Paul & Duluth railroad, which, uniting with the sand floating in the water of the stream, formed large and numerous bars and obstructions in and across the channel, making it impassable for logs except at very unusual stages of water. The place where the refuse was thrown into the river is below that where all the logs cut by plaintiff have been and are banked, and it has been and still is necessary for him to drive them down to and past the obstructions, which still remain in the river; and that by reason of such obstructions so caused by the wrongful act of the decedent, plaintiff has been greatly hindered and has incurred great additional expense in driving such logs, to his damage in the sum of $5,000; and that it has now become necessary, in order to render practicable the driving of logs in the river below the point where the refuse was thrown in, to dig out and remove such refuse and restore the original channel, which the plaintiff must do in order to carry out and complete the contracts made by him as before stated, and which will cost at least $3,000. The Grindstone river is the only outlet by which the logs heretofore cut and hereafter to be cut and banked by plaintiff can be floated and driven to market, and the only highway by which they can proceed to the destination specified in the contracts, to wit, the booms at Stillwater. Judgment of $8,000 is demanded.

A demurrer to the complaint was sustained by *Otis, J.*, and plaintiff appealed.

*Clapp & Macartney*, for appellant.

*C. D. & Thos. D. O'Brien*, for respondents.

*By the Court.* The acts stated in the complaint, to which a demurrer was interposed, consisted of wrongful obstructions of the channel of the Grindstone river,—a stream navigable for logs,—by refuse matter thrown into the stream by the deceased in the years from 1885 to 1888, both inclusive, whereby the channel was so obstructed that the logs could not be floated down except at very unusual stages of water. During the period above stated the appellant was engaged in cutting logs on lands situate on and near this river, above the obstructions, and in driving them down this stream and into the Kettle river, of which it is a tributary, pursuant to contracts with the owners

of such lands, whereby he obligated himself so to do. In driving the logs he necessarily encountered the obstructions complained of, and was thereby greatly hindered and delayed and subjected to great expense, suffering damage in the sum of $5,000, as is alleged. It further appears that this stream was the only highway over which the plaintiff could take the logs to their destination. The learned judge of the district court sustained the demurrer to the complaint, considering that the decision in *Swanson* v. *Miss., etc., Boom Co.*, 42 Minn. 532, (44 N. W. Rep. 986,) was decisive against the plaintiff, and we are of the same opinion. If it had appeared that *after* the plaintiff had become obligated by contract to drive logs down this stream, and before the performance of his contract, the defendant had created obstructions causing special injury to the plaintiff in performing his contract obligation, a different case would have been presented. Whether that would have justified a private action for damages we do not decide, for we do not understand that such a case is stated in the complaint. The contracts under which the plaintiff's logging operations were carried on may have been made each year, and it may be that no obstructions were created between the time when any contract was made and the time of its performance. If the appellant, after the creation of the obstruction complained of, and with knowledge of it, voluntarily entered into contracts to drive logs down this stream, the case is not distinguishable in principle from that above cited. It may be added that the further allegations of the complaint, to the effect that it has become necessary for the appellant to remove the obstructions in order to restore the navigability of the stream, and to enable him to perform his contracts, do not show such injury actually suffered as will justify an action for the recovery of damages. *Shero* v. *Cary*, 35 Minn. 423, (29 N. W. Rep. 58.)

Order affirmed.