**SHELTON v. PHILLIPS et al.   (No. 2405.)**

(Court of Civil Appeals of Texas. Texarkana. April 13, 1921. Rehearing Denied April 21, 1921.)

1. **Municipal corporations �köm697(2)—Right of egress and ingress through alley is appurtenant to a lot, and an encroachment on the alley constitutes special damage to lot owner.**

The means of free egress and ingress through an alley to a lot and buildings thereon is as much property as the lot itself, and is a right appurtenant to the lot, and the existence of an alley, being an inducement to purchase, enters into the consideration as between grantor and grantee, and an encroachment on the alley constitutes a particular injury, to the special damage to the lot owner, different from that suffered by the general community.

2. **Municipal corporations ⊨697(2)—Lot owner seeking to enjoin obstruction of an alley must show special injury.**

To entitle a lot owner to enjoin an encroachment upon an alley, it is not necessary that all access to his lot therefrom be cut off, and the fact that the obstruction did not cut off all access is a matter of evidence as to special or peculiar damage, which it rests upon plaintiff to prove to secure an injunction.

3. **Municipal corporations ⊨697(4)—In a suit to enjoin encroachment on alley, evidence held to show no injury to plaintiff.**

In a suit to enjoin an obstruction of an alley by construction of a building, evidence *held* ample to support a finding that the plain-

tiff suffered no special or peculiar injury by reason of the encroachment.

**4. Municipal corporations ☞697(2)—Defendant held not entitled to enjoin encroachment upon alley.**

In an action to enjoin encroachment upon an alley by construction of a building, where the facts show that plaintiff, owner of an adjoining lot, suffered no injury, inconvenience, or special damage not suffered by the general public, he is not entitled to enjoin encroachment.

**5. Appeal and error ☞877(4)—Appellant may not complain of part of decree voluntarily laying out alley over defendant's land.**

In a suit to enjoin an encroachment on an alley adjacent to plaintiff's lot, appellant cannot complain of that part of the decree voluntarily laying out a passageway for the use of the public over defendant's lot.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by J. W. Shelton against F. J. Phillips and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Louis Andrews, owner of the land, divided it into lots and blocks, and platted it as an addition to the city of Greenville. The appellee Phillips owns all the lots in block 3 except lots 5 and 6. Appellant owns lot 5, located in the southeast end of block 3. The appellee began the erection on lot 1, located in the northwest end of block 3, a brick residence, with concrete foundation and basement, to cost about $25,000. The basement, between eight and ten feet in the ground, had been completed, when the appellant protested that it had encroached on the 20-foot alley, running through the middle of the block, 7.85 feet. The appellant brought the suit, praying for "an injunction restraining and enjoining the defendant and his employees perpetually from in any way closing up or obstructing said alley," upon the allegations, as grounds for the prayer, that—

(1) "At the time plaintiff bought said property he bought the same with reference to said plat and to said alley, which is to the rear of his lot and which was, at the time, prior to, and since, continually used by the public and city, and including this plaintiff;"

(2) "That the defendant is now attempting and threatening to build in said alley a certain house and improvements which will constitute a permanent occupancy of said alley, and which will close and obstruct said alley to plaintiff's great damage;" and

(3) "That it is the only mode of egress and ingress to the rear of plaintiff's premises, and if the defendant herein is permitted to build said house and improvement and permanently obstruct the alley, his right of egress and ingress will be cut off, and he will suffer great and irreparable injury by reason of defendant's conduct."

The defendant answered by general denial, and specially pleaded in avoidance: (1) That the rear foundation of his residence only slightly encroached on the alley, and was erected there through innocent mistake of the existence of an alley, and its true location on the ground, and "that the plaintiff has suffered no injury or inconvenience by reason thereof;" (2) estoppel, on the part of the defendant, of delay and laches in asserting the right now claimed, which would cause the defendant to suffer the financial loss, and to further incur the great cost and expense of destroying and removing the foundation already laid and completed; and (3) offering to open, and have remain open, an alley off part of defendant's lot No. 8, as shown by a plat attached, and marked Exhibit B, so as to connect with and continue an open 20-foot alley through the block.

The case was tried before the court, and judgment was entered denying the injunction as prayed for. The judgment further provides:

"It is ordered and decreed, however, that an alley 20 feet wide extending from the north boundary line of Cornelia street to the south boundary line of the alley in question, across lot 8, in block 3, of said addition, be permanently established and kept open by the defendant for the accommodation of any other persons now owning said land in said block."

It appears that block 3 in the addition as laid out is bounded on the north by Third street, on the east by Fourth street, on the south by Fourth street, and on the west by Third street. Lot 5, owned by the plaintiff, is located on the southeast of the block, fronting south on Cornelia street, and next to Fourth street on the east. Lots 7, 8, and 9, owned by the defendant, front south on Corneila street, lot 9 being located next to Third street on the west of the block. Lots 1, 2, 3, 4, and A, owned by the defendant, front north on Park street; lot 1, upon which the basement of the building is built, being located next to Third street on the west of the block. An alley 20 feet wide extends from west to east through the middle of the block. The blocks west of block 3 had no corresponding alley, and improvements were being constructed across Third street from block 3. At the time appellee began the construction of his house all of block 3 except appellant's lot, 5, was vacant and unobstructed. The alley was never defined or marked on the ground, and there was nothing upon the ground to indicate its existence or true lines. The appellee Phillips did not in point of fact know that the alley was there, and would not, it conclusively appears, have encroached upon it had he known it existed, and he innocently encroached upon it.

The trial court finds: (1) That the improvements now being constructed by the

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant encroach 7.85 feet in the alley. (2) That at the time the improvements began, and up to the time this controversy arose, the defendant did not know that there was such an alley, and he never learned it until he had expended a large sum of money and had so far constructed his improvements that it would cost him two or three thousand dollars to make such changes as to exclude entirely the improvements from the alley; that while the recitals in the defendant's deed charged him with notice of the alley, he in point of "act had no actual knowledge of it. (3) That plaintiff knew that the alley existed on the plat, but did not object to the defendant's improvements until after it would cost two or three thousand dollars to remove them, which amount would be a total loss if the improvements had to be removed. (4) That the plaintiff bought his lot "with reference to the alley, and uses same to get in and out of his back premises; the city scavenger driving on it to clean out plaintiff's closet." (5) "The public has never used, accepted, or, so far as the evidence shows, it never knew of the existence of the alley in question. The city of Greenville never officially accepted, worked, or in any way exercised any control or jurisdiction over the alley; but it appears that, in making a map of the city, the engineer placed this addition upon the map as it appears of record in the county clerk's office." Lewis Andrews, in making the addition, filed the plat of the addition in the office of the county clerk, showing the alley in suit, and by deed dedicated the same to the public and the city of Greenville. (7) The deed to defendant describes the property by lot and block numbers and reference to said plat. (8) "The court finds as a fact that to change the alley so as to run across lot 8 to Corneila street will serve every purpose and be as convenient to plaintiff and the other owners of the land in the block as to let it go straight westward as it was laid out." (9) "From the evidence is further of the opinion that the plaintiff's premises and the other property in the block will be in no way damaged or injured by the improvements being constructed by the defendant or the closing of the west end of said alley."

Evans & Starnes, of Greenville, for appellant.

Clark & Sweeton, of Greenville, for appellees.

LEVY, J. (after stating the facts as above). The following "conclusion of law" was made by the trial court:

"From the facts found herein, and from the facts recited in the judgment, the court is of the opinion that the plaintiff is not entitled to recover, and accordingly enters judgment for the defendant."

Appellant's third assignment of error assails the conclusion of the court upon the ground that, there being in fact an encroachment upon the alleyway, appellant, as a purchaser of the lot adjoining the alley, has such an interest in the unobstructed use of the way, in the nature of an appurtenance to his lot, as to entitle him to the injunction prayed for to abate the obstruction of the alleyway.

[1] The special findings of fact of the trial court show "that the improvements now being constructed by the defendant encroach 7.85 feet in the alley." And the appellant, in his petition, predicates the right to an injunction in his own behalf upon the ground that the encroachment will, as alleged, "close and obstruct" and "cut off" "the only mode of egress and ingress to the rear of plaintiff's premises." Finding, as the trial court did, that the appellant bought his lot "with reference to the alley" exhibited on the map of the addition, he acquired a particular easement in the land designated on the plat or map as an "alley." Oswald v. Grenet, 22 Tex. 94; Harrison v. Boring, 44 Tex. 255; Wolf v. Brass, 72 Tex. 133, 12 S. W. 159.

"Such purchasers," as stated in Wolf v. Brass, supra, "have, by virtue of the easement thus acquired, the right to have such street or alley kept open whether the public has or not accepted the dedication by some acts of user."

The means of free egress and ingress through the alley to such lot and the buildings thereon is as much property as the lot itself, and is a right, in a legal sense, appurtenant to the lot. The existence of the alley as platted is an inducement to the purchase of the lot, enters into the consideration as between the grantor and grantee, and adds to the value of the lot by the convenience and advantage which it gives. It is settled law, then, as asserted by appellant that a lot owner may, and does, have, as appendant to the lot, a private right to free passage over the alley represented on the plan of the addition. Although the lot owner has the right, as appurtenant to his lot, to free passage over the alley, the public, in common with the lot owner, has the right to use it. For, when a plat of land is recorded on which streets and alleys are shown, there is an implied covenant, not merely that the purchaser of a lot shall have the right of passage over the street and alley upon which the land is situated, but that the general public may use it. And therefore any disturbance or invasion of the right of free passage in the alley may, in its circumstances, be public in its general effect upon the community at large, or special and private to the lot owner as a particular damage distinct and apart from the common injury to the public. If the injury is common to the public, and not special and particular to the lot owner, the redress in the nature of abatement of the encroachment must be in behalf of the public, by a proper representative. If, however, the encroachment constitutes "a particular injury" or special damage to the lot owner, different

in kind from that suffered by the community in general, then such lot owner may, by action in his own behalf, abate by injunction the encroachment in the alley. 1 High on Injunctions (4th Ed.) §§ 762, 763; 37 Cyc. p. 253; Joyce on Nuisances (1906) § 218; Evans v. Scott, 97 S. W. 116; Shephard v. Barnett, 52 Tex. 638; City of San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 755.

"The right of an individual to obtain an injunction," quoting from Joyce on Nuisances, supra, "is not recognized unless he has suffered some private and material damage or injury, differing in kind from that suffered by the public at large. The gist of the action in this class of cases is the private injury, and the plaintiff must allege and prove some special damage different in kind from that suffered in common with the public. When this is done he will be entitled to an injunction restraining such nuisance and may recover damages from the one causing the same."

And quoting further from section 222:

"One who owns property abutting on a street has not only the right in common with the public of using the street from end to end for the purpose of passage, but also has the individual right of free and convenient passage from and egress to his property, which is a private and personal right unshared by the community, and if taken away or materially impaired by an unauthorized obstruction of the highway such owner sustains a special injury different in character from that sustained by the public which will entitle him to maintain an action to enjoin the continuance of the same."

And in 1 High on Injunctions it is laid down that—

"Since the owner of land abutting upon a public highway has, as appurtenant to his property, an easement consisting of the right to the free and unimpeded use of the street to its full width, any permanent obstruction whereby he is totally or practically deprived of such right, even though such obstruction be under legislative authority, constitutes a taking of private property without compensation and will be enjoined."

[2] It is not necessary, though, to entitle the lot owner to this remedy, that all access be cut off to the lot. Aldrich v. Wetmore, 52 Minn. 164, 53 N. W. 1072; Bannon v. Murphy (Ky.) 38 S. W. 890; Kalteyer v. Sullivan, 18 Tex. Civ. App. 488, 46 S. W. 288. In the latter case a portion of the alley "was closed" and this fact was held to be a "special injury" entitling the plaintiff to injunction. In Bannon v. Murphy, supra, the court decided that the lot owner "suffered an injury peculiar to himself" when "one end of which [alley] is obstructed so that he cannot have egress from his property to other streets in that direction." He has the right of free passage, as seen, in that alley, "in that direction." Likewise in Brakken v. Ry. Co., 29 Minn. 41, 11 N. W. 124, the street in front of the property was obstructed "so as to practically cut off all public access to it."

In Decker v. Ry. Co., 133 Ind. 493, 33 N. E. 349, the plaintiff was held not entitled to enjoin the defendant from laying its track on the street because it appeared, in point of fact, that the construction of the road on the street did not—

"cut off, or materially interfere with, the appellant's ingress or egress to or from his lot or the buildings thereon. The inconvenience which he will suffer, as far as appears from the record in this case, is such as the public generally, who use the street, will suffer. For such an injury, as we have seen, he cannot recover."

In Aldrich v. Wetmore, 52 Minn. 164, 53 N. W. 1072, the street and sidewalk in front of plaintiff's business house was obstructed, and approach to the building cut off, except by means of the sidewalk from the north, and the trial court found as a fact that the damage from the encroachment—

"was not special or peculiar to the plaintiff, but the same in kind as that sustained generally by the public by reason of the obstruction of the public highway."

On appeal the court sustained the finding of fact of the trial court, stating that "the fact that all access is cut off by the obstruction is, in and of itself, special damages which will authorize a person to maintain a private action," but "the fact that the obstruction did not cut off access to his land is one fact, among others, showing that no special or peculiar damage was proved." And in the instant case it would depend upon the facts proven as to whether or not the appellant has shown, as devolved upon him to do, such special injury as entitled him to the injunction as a private right.

[3] The trial court concluded from the evidence—

"that the plaintiff's premises and the other property in the block will be in no way damaged or injured by the improvements being constructed by the defendant, or the closing of the west end of said alley."

This is, in effect, a finding that the appellant suffered no special or peculiar injury by reason of the encroachment. There is ample evidence to support this finding, and we are not warranted in setting same aside.

[4] The defendant's improvements encroach, as the court finds, 7.85 feet on the alley, and behind a part of lot 1 only. The alley is 20 feet wide and extends from west to east through the entire block. Appellant's lot is on the southeast end of the block. The encroachment is on the northwest end of the block. The facts then show that the encroachment did not, as claimed in the petition of appellant, "close up and obstruct said alley" and "cut off his right of egress and ingress" to his lot. A full way of 12.15 feet in the alley was open and unimpeded, and convenient for all reasonable use as a means of egress and ingress to his lot, and buildings

thereon. There was neither entire nor material interference with the ordinary use of the alleyway as a passageway for pedestrians and vehicles. And there was full approach to appellant's lot from the street on the east. This being true, as found by the court, that the appellant suffered no special injury by reason of the encroachment, it follows that the obstruction extending on the alley 7.85 feet then constitutes, in the facts, only such inconvenience and damage to appellant as the public generally who use the alley will suffer. As laid down in Smith v. McDowell, 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393, where the obstruction extended into the street five feet for the length of 85 feet—

"the permanent encroachment upon a public highway or street, unauthorized by the legislature, and the creation of a purpresture therein, which obstructs the free and uninterrupted passage of the public, is, as a matter of law, a public nuisance. The matter of inconvenience to the public, or that sufficient of the street may remain unobstructed to still accommodate the public travel, cannot be considered. The trustee of the public—the municipality—is charged with the duty of keeping and maintaining the streets, in all their parts, open and unobstructed, and in reasonably safe condition, for the public use. No question of the amount of damage done, or that may ensue, from the creation of the purpresture is raised, or can be considered in proceedings by the public, the question being simply whether there has been an invasion of the public right. When the proceedings are instituted by a private individual * * * the gist of his right of action is private injury to him."

Thus it is shown the difference between the private and public right to abate an encroachment of a street or alley. As the appellant suffered no special damage in point of fact, as found by the court, by reason of the encroachment, it follows that the injunction may not be granted to him in his private right, as he claimed here. Therefore we think the assignment of error should be overruled.

[5] The appellant cannot complain of that part of the decree voluntarily laying out a passageway across lot 8. The lot belonged to appellee. Assignment of error No. 4 is overruled.

The other assignments of error are overruled.

Judgment affirmed.