## WHITIS v. PENRY et al.

No. 304.

Court of Civil Appeals of Texas. Eastland.

May 13, 1927.

Clark & Clark, of Dallas, for appellant.

John G. Wilson, of Dallas, for appellees.

PANNILL, C. J.

Appellees began this suit in the district court of Dallas county for the purpose of securing a mandatory injunction removing an obstruction from a public road and a public street in the unincorporated town of Vickery. The cause was regularly tried at a regular term and the injunction granted as prayed for, from which the appellant, Whitis, has prosecuted this appeal.

A number of legal points are presented, but the appeal can be disposed of by consideration of the one which will be hereinafter discussed.

The trial was to the court without a jury, and conclusions of fact and law were filed, in which the court ascertained as a matter of

fact that the town of Vickery was unincorporated and was laid out in lots, blocks, and streets in April, 1909, and that the street in controversy was dedicated as a public street 50 feet wide; that said street was never graded 50 feet wide, but for the past sixteen years had been used about 40 feet in width; that the appellant, Whitis, is occupying a part of said street as dedicated in that a brick building erected by him, and a fence inclosing his property adjacent thereto extends into said street a distance of 11.8 feet; that the appellees were abutting property owners and purchased their property in reference to and in consideration of said street being 50 feet in width as shown by the plat referred to. That the defendant has not obstructed the use of Pecan street, as the same has been used for the past sixteen years; nor has he increased the danger in the use thereof; nor has he obstructed the view of Pecan street; nor does his said fence or building constitute a nuisance to the life or limb of persons using said street, or make Pecan street more hazardous than it has been for the past fourteen years. That no pecuniary damage has been suffered by plaintiffs or either of them by erection of said brick building and fence, and no special or pecuniary or other damages have been suffered by the plaintiffs or either of them. Other matters were found which are not deemed material, and based thereon the court arrived at the conclusion of law that appellees were entitled to the mandatory writ of injunction prayed for, and decreed the same to them.

■ One of the matters urged by the appellant is that, inasmuch as the public is not a party by its duly constituted officers to the suit, appellees were not entitled to an injunction requiring appellant to remove said obstruction without a showing that the appellees had sustained pecuniary damage peculiar to themselves or some of them, and such as did not accrue to the public generally. This proposition does not seem to be seriously controverted by appellees and seems to be established by the authorities without dissent. Not all the authorities discussing the question will be cited, but a number having under consideration facts similar to those established by the trial court's conclusions will be noted. City of San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754; Owens v. Varnell (Tex. Civ. App.) 145 S. W. 256; Shelton v. Phillips (Tex. Civ. App.) 229 S. W. 967, 969.

In the cases cited, obstructions which did not entirely cut off ingress or egress to a street or an alley, but only partially obtruded thereon, were found by the court or jury respectively not to have given rise to any pecuniary damage to the complaining party which was not suffered by the public generally, and the refusal of a mandatory injunction was approved.

Shelton v. Phillips (Tex. Civ. App.) 229 S. W. 967, 969, was such a case, and a rather extended discussion of the rule of law announced above is to be found in Mr. Justice Levy's opinion.

■■ Appellees assert that this finding of fact by the trial court should be disregarded in this court and the statement of facts looked to, and claims that the statement of facts shows that certain of the appellees do come within the rule as announced in the cases cited. It will be noted in this connection that appellees have not in any manner made any attack upon the findings of fact of the trial court. No exceptions were taken in the trial court to his conclusion of fact, and no cross-assignments assailing such finding have been presented here, but in appellees' counter propositions for the first time is this contention presented, and we think it must be overruled.

The conclusions of fact of the trial court in a case tried without a jury are to be governed by the rule applicable to the finding of a jury upon special issues, and if not excepted to, or if not properly assailed in some manner, are binding upon appeal. Buster v. Warren, 35 Tex. Civ. App. 644, 80 S. W. 1063, 1065; Drake v. Davidson, 28 Tex. Civ. App. 184, 66 S. W. 889.

■ It would be a strange practice that would permit a party to induce a trial court to render judgment in his favor on conclusions of fact to which he did not object and then procure a judgment in his favor in an appellate court by inducing the latter to reverse the findings of the trial judge. The cases relied on by the appellees are cases wherein the appellant has assailed the findings of the trial judge, and in such cases, of course, the statement of facts will control. When the trial court found that no pecuniary or special damage had been suffered or sustained by the appellees, his finding took away from them the right to complain of the obstruction in controversy and left the commissioners' court of Dallas county as the sole tribunal authorized to maintain a suit to remove the objectionable obstruction.

■ The other matters presented by the appellant, therefore, become immaterial. The conclusions of fact as noted, not having been assailed in a proper manner, are therefore binding upon this court. Under his findings, the only judgment the trial court could have rendered was one denying the injunction and discharging appellant. Most certainly, the law will not permit appellees to recover in the face of the court's conclusion of fact that they have suffered no damages of any character.

Under article 1856 it is the duty of this court, when the judgment of the court below shall be reversed, to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the amount of damage be assessed or where the matter to

be decreed is uncertain. It therefore becomes our duty to reverse the judgment and here render judgment for the appellant, dissolving the mandatory injunction, and further that, as to appellees' suit, appellant go hence without day and recover his cost, both in the trial court and in this court, and it is so ordered.