HUMPHRIES AND SHOEMAKER *against* GOULDING.

ERROR *to Pulaski Circuit Court.*

Where A. Covenants to *give* B. a piece of ground, and the privilege of the house on it, for him and his wife to use, in attending to their affairs and those of A., and, in consideration of the use and occupation of the house and lot, B. covenants to keep the house in good order, and have the cooking and washing of A. done; A. to find three-fourths of the provision, and B. one-fourth; the covenants are dependent and concurrent, the consideration continuing from day to day, so long as B. should fulfil his stipulations.

In a suit by B. on this covenant, a breach, that he performed his covenants so long as A. would permit or suffer him to perform; and that A. did not nor would *give* him the ground, is wider than the contract, and therefore bad.

By such a breach, B. claims the land as an absolute gift, whereas A. was only to give him the conditional use and occupation for a certain time.

And if the breach further avers that he was disseized and dispossessed by A., this is inconsistent with a previous averment of non-compliance by A., to wit: that "A would not give him the ground, nor the privilege of the house;" and so is bad for repugnance.

Moreover, a special averment of request by B. to be put in possession of the house and ground, was necessary.

Covenant, by Goulding. The instrument on which the suit was founded, was in substance as follows: "Articles of agreement, &c. We, Humphries and Shoemaker, agree to give Goulding a certain piece of ground, and the privilege of the house, for him and his wife, for use, in attending to their affairs and ours." The ground was then described, and stated to be about two acres. "I, the said Goulding, for and in consideration of the above named privileges, do agree to have the house kept in good order, the cooking and washing done for the said Humphries and Shoemaker, in good time and good order. He, the said Humphries, is to furnish the three-fourths of the provisions we live on until the first day of January, 1841. I, the said Goulding, agree to furnish the one-fourth, until the time above named."

The declaration stated the covenant almost in its words, and averred that Goulding had always kept the covenant on his part, as far as they would suffer him to perform them; and alleged, as breaches, that they would not *give* him the tract or lot of ground, though he was always ready and willing to receive it; nor would they give him the privilege of the house for the use of him and his wife, nor furnish any provision,

although he offered to keep the house in good order, and to have the cooking and washing done for them in good time and good order, and to furnish one-fourth of the provisions: that they refused to let him perform his covenants, but, with force and arms, entered into and disseized and dispossessed him of the house and ground, after he had done and performed a great deal of work and labor about the ground.

The defendants craved oyer, and demurred to the declaration, for variance as to the name of Goulding. The demurrer was overruled, and they pleaded six pleas. The plaintiff demurred to all. The demurrer was overruled as to the first, and sustained as to the others. Issue was joined on the first, and the case tried by a jury. Verdict and judgment for the plaintiff, one hundred and fifty dollars.

The case was argued, on points not involved in the decision, by—

HEMPSTEAD & JOHNSON, for plaintiffs in error:

BLACKBURN, *Contra:*

DICKINSON, J., delivered the opinion of the Court:

This action is instituted upon an agreement to give Goulding the use of a certain lot of ground, also of a house, which he, together with his wife, was to have the privilege of occupying in common with Humphries and Shoemaker, until the first day of January, 1841. In consideration of the privilege of using the ground and occupying the house, Goulding was to keep it in good order, and have the cooking and washing of Humphries and Shoemaker also done in good order and in good time. They were to find three-fourths of the provisions; Goulding the remaining fourth. The agreement is vaguely drawn, but the intent of the parties is easily collected. The contract was dependent and concurrent, the consideration continuing from day to day, so long as Goulding should continue to fulfil his stipulations: whenever he failed in any part of the consideration, he was no longer entitled to the enjoyment of any of the privileges for which he covenanted. The plaintiff, in his declaration, avers performance of his covenants, so far as the defendants would permit or suffer him to perform; assigning, as a breach, that "the defendants, or either of them, did not nor would *give* unto him the said tract or lot of ground in the

indenture specified, although he was ready and willing to receive the same; nor did nor would they or either of them give him the privilege of the house, for the use of him, said Goulding, and his wife; nor did either of them, the said Humphries and Shoemaker, furnish three-fourths of the provisions, or any part or parcel;" with an averment that " he, said Goulding, was ready and offered to keep and fulfil his part of the covenant, but the said Humphries and Shoemaker refused to let or suffer him so to do;" and " that they, with force and arms, entered into and disseized and dispossessed him of the said house and lot, after he, the said Goulding, had done and performed a great deal of work and labor in and about the lot of ground, after the making of the indenture or deed, and before the institution of this suit."

The defendants below pleaded six pleas. To the first, covenants performed, there was an issue: verdict and judgment thereon for the plaintiff. To the other five pleas, a demurrer was sustained. The plaintiffs in error contend, that the first fault in pleading is in the declaration, and that if the pleas are bad, they are good enough for a bad declaration. As judgment must be given upon the whole record, it becomes necessary to ascertain first if the declaration is defective in substance; for if so, it cannot be aided by the plea to which there was issue. We have already given what we deem the proper construction of the contract, so far as the intent and motives of the parties can be gathered from its stipulations and language.

It is an established rule, that, in covenant, all things must be pleaded according to their legal effect, particularly where, as in this instance, it would, by a literal construction of the words used, operate as an instrument of a wholly different character, and convey a very different estate from what the parties obviously intended from its whole tenor. In all such cases, a mistake in stating its legal effect, or extending the breach so as to give it a different meaning, is fatal on demurrer. The averment in the declaration is, that the " said defendants, or either of them, did not nor would, after the making of the said indenture or deed, *give* unto the said Goulding the said tract or parcel of land;" thereby claiming it as an absolute gift, whereas they are only to give him the conditional use and occupation for a certain specified time. Here the breach is larger and more extensive than the contract, and

consequently varies from it. The averment in the breach, that he was disseized and dispossessed, with force and arms, of the house and ground, is inconsistent with the previous averment of non-compliance by Humphries and Shoemaker, and being a material allegation, is defective for its repugnancy. It is also uncertain as to time, whether the disseizin was before or after the first day of January, 1841. The contract was clearly executory. The first act was to be done by Humphries and Shoemaker, in delivering possession of the ground and the privilege of the house. There is no day specified for its commencement, and there could be no liability until there is a refusal to comply with its stipulations. There is no averment of a special request by Goulding, of Humphries and Shoemaker, for the possession and use of the ground and house, which is necessary, before a complete right of action can appear in the declaration.

We are of opinion that the declaration is defective in substance. Judgment reversed, and case remanded, with leave for the plaintiff to amend his declaration, if he shall desire it; and for other proceedings.