JOHN SNOW and ALDEN BRYANT, Plaintiffs in Error, *vs.* ROSWELL B. JOHNSON, Defendant in Error.

A declaration in covenant must aver a demand for the specific articles named in the covenants, and it is error to receive evidence of a demand for specific articles when only a demand for money is averred.

Where covenants between parties are independent, or where it is evident from the articles of agreement that the act to be done by one, was to precede the act to be done by the other, then, upon a failure of him who was to do the first act, the other would have a right to recover upon a general averment of performance. But where the covenants are mutual and concurrent, the act of the one, dependent upon the act of the other, not only a readiness and willingness to perform must be averred, but an actual tender, both averred and proved.

J. covenanted to sell and convey to S. & B. by good and sufficient deed of conveyance. S. & B. covenanted to pay $400, in groceries, liquors and provisions, one half in the month of April then next, and the remainder when called for. Held, that the covenants were concurrent, and that performance or tender of performance must be averred and proved.

Snow and Bryant *v.* Johnson.

ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

The Plaintiffs in Error were the Defendants below.

This was an action of covenant instituted in the District Court for the Second Judicial District, upon an agreement in writing, under the hands and seals of the parties, plaintiff and defendant, dated September 4, 1848, whereby Johnson agreed to sell and convey, by a good and sufficient deed of conveyance, to Snow and Bryant, certain real estate in the town of Stillwater, for which Snow and Bryant agreed to pay $200 in groceries, liquors, and provisions, when called for, and $200 in groceries, liquors and provisions, during the month of April, then next, the groceries and provisions to be at 25 per cent. above cost, and the liquors at 30 per cent. above cost.

The plaintiff averred in his declaration, that he called upon the defendants for the first instalment, to wit: on the 27th day of October, 1848, which was then due from the said defendants to the said plaintiff, to wit: a large sum of money, to wit: the sum of $200. And in the second count he averred, that on the 1st of May, 1849, the whole of said purchase money, to wit: the sum of $400, became due and owing to plaintiff, and concluded with the averment of general breach by defendants, and general performace by plaintiff.

The defendants pleaded *non est factum* and gave notice that they would prove:

1st. A tender and acceptance of the specific articles to the value of $400, in full satisfaction of the plaintiff's claim.

2d. That the plaintiff did not surrender possession of the premises at the time stipulated.

The case came on for trial before Judge Cooper, on the 15th of May, 1850, and resulted in a verdict for plaintiff of $437 49.

Numerous exceptions were taken to the ruling of the Judge upon the trial.

RICE, HOLLINSHEAD & BECKER, for Plaintiffs in Error.

The covenants mentioned in the pleadings are concurrent. *Parker vs. Parmele*, 20. *Johnson*, 130. *Robb vs. Montgomery, ibid* 15. *McCoy vs. Bixlee*, 6 *Ohio Rep.*, 312. 2 *Step.*

Snow and Bryant *v.* Johnson.

*N. P.* 1070. 4 *Wash. C. C. R.* 714. 2 *Selwyn's N. P.* 443, 510. 11 *Wend.* 72. *Bank Columbia vs. Hager,* 1 *Peters,* 464.

The averments as to demand and performance on part of plaintiff, are insufficient in both counts. *Gould's Pleading,* 176-7-8-15-16. 1 *Selwyn's N. P.* 111, 513, 109. 1 *Stephen's N. P.* 381-2. 2 *Greenleaf's Ev.* 237. 1 *Chitty's Pl.* 322-3-4-9-30. 1 *Saund. Pl. and Ev.* 133-5. *Parker vs. Parmele,* 20, *John.* 130. *Lobbell vs. Hopkins,* 5 *Cowen,* 518. *Rice vs. Churchill,* 2 *Denio,* 145. *Wilmouth vs. Patton,* 2 *Bibb's Kentucky R.* 280.

The averment of a demand in the first count was contradicted by the proof, and the variance was fatal. *Briston vs. Wright,* 2 *Smith's Leading Cases. Part* 1, 2, *Cowen and Hill's Notes to Phillip's Ev.* 524. 1 *Saund. Pl. and Ev.* 128, 131, 148. 4 *Amer. Com. Law and cases there cited,* 73. The verdict was contrary to law and evidence.

M. S. WILKINSON and NELSON, for Defendant in Error.

The covenants are independent. 6 *Durnf. & E.* 570. *Term. Rep.* 1 *Cowen's Treatise, p.* 53. The covenants have been executed in part and are not concurrent. 11 *Wend.* 70.

A general averment of performance was sufficient. 6 *Wend.* 296.

If the words stated under the form of a *videlicet* are repugnant, they are not to be regarded, and may be stricken out as surplussage. *Gould's Pleading, p.* 69. *Jacob's L. D. Title Scilicet.* 1 *Smith's Leading Cases, p.* 447.

*By the Court.*—COOPER, J. This is an action in covenant brought for the recovery of $400 worth of groceries, &c., the consideration of the sale of a house and lot in Stillwater.

Johnson covenanted to sell and convey (by a good and sufficient deed of conveyance) a house and lot to Snow and Bryant: Provided always, that Snow and Bryant pay, or cause to be paid, to the said Johnson the sum of $400 in groceries, liquors and provisions, at twenty per cent. above purchase price, &c., in manner following, to wit: $200 worth when called for by the plaintiff, the remainder in the month of April,

then next, and further, that Snow and Bryant were to have immediate possession of the premises sold.

There was a judgment in the Court below in favor of John-son, the plaintiff below, for $437 39; and, to reverse that judgment, this writ of error was sued out.

The first error complained of by the plaintiff in error, is, that the declaration did not aver a demand and refusal of the specific articles due upon demand; but avers merely "that the said plaintiff called upon the said defendants for the first in-stalment, to wit: on the 27th day of October, 1848, which was then due from the said defendants to the said plaintiff, to wit: a large sum of money, to wit: the sum of $200, became due and owing; yet the said defendants refused and have not paid the same," &c.

This exception is well taken. The declaration should have averred a demand for the specific articles named in the cove-nant, and we cannot presume the word "instalment" to mean groceries, liquors and provisions, when the scilicet, which is used to explain the amount, says the demand is for a large sum of *money*, to wit: the sum of $200. Under this aver-ment, the court received evidence of a demand for groceries. In this there was evident error. The variance between the declaration and proof is too palpable to overlook. The rule is well settled that the proof must conform to the averment in the declaration. Were a different one to obtain, it would be productive of the greatest injustice. The defendant looks to the declaration in order to prepare his defence. Would it not therefore be misleading him, to permit the plaintiff to prove a demand for wood, under an averment for a demand of a horse. It would be monstrous, and the evils resulting from such a course would be illimitable.

We think the Court below likewise erred in the charge to the Jury, in instructing them, "that though it was necessary to aver a demand and refusal, yet it was not necessary, to entitle the plaintiff to recover, that he should aver and prove a ten-der of a deed."

Where the covenants between the parties are independent, or where it is evident from the articles of agreement, that the act to be done by one, was to precede the act to be done by

the other, then, upon a failure of him who was to do the first act, the other would have the right to recover upon a general averment of performance.  But where the covenants are mutual and concurrent, the act of the one dependent upon the act of the other, not only a readiness and willingness to perform must be averred, but an actual tender, both averred and proved.

Concurrent covenants are those, where mutual conditions are to be performed at the same time ; and in covenants of this character, if the one party is ready, and offers to perform his part of the covenant, and the other refuses or neglects to perform his part, the party who was ready has fulfilled his engagement, and may maintain his action for the breach or default of the other ; although it is uncertain which is obliged to do the first act.  But to entitle him to recover, he must aver and prove such offer to perform.

How was it in this case ?   Were the covenants independent or were they concurrent ?

Johnson covenants to sell and convey to Snow and Bryant, by a good and sufficient deed of conveyance.   Snow and Bryant covenant to pay $400.   No time is mentioned when Johnson is to convey ; nor does Snow and Bryant covenant to pay before Johnson conveys.   And do the words, "provided always that Snow and Bryant pay or cause to be paid the sum of $400," alter the character of the covenant?

We think not.

Suppose the amount of groceries, due on demand, had not been demanded until the month of April, when the remainder was to become due, would Snow and Bryant have been obliged to pay before Johnson was ready to convey?   Certainly not. Then, if not, could Johnson alter the effect of the agreement by making a demand at an earlier period?   Had he, in other words, the power to make the covenants independent or concurrent, according to his will, without any concurrent power on the part of the defendants below, by his construction of the covenant?

Suppose A agrees to sell and convey to B, and B covenants to pay A $1,000, which must do the first act?

Not B, certainly, because he is not obliged to part with his

money before he receives his conveyance. Nor is A obliged to part with his title until he receives his money. Here are mutual covenants, and to enable either to recover, he must tender a performance on his part, and aver such tender and prove it. Would it alter the case if B had covenanted to pay A $1,000 in the manner following: $500 on demand and $500 in six months? Certainly not. Neither has covenanted to do the first act, and in order still to recover on the one part or the other, an offer to perform must be proved. Nor would it alter the case, were it further stipulated that B was to have immediate possession. For A would have the means, at any time, of making his demand, and thus indemnifying himself. But suppose A was entitled to his action without a tender, and it appeared afterwards that he had no title, in what situation would it leave B? It may be answered, he would have his remedy on the covenant. But would not this work manifest hardship on B, to compel him to pay his money before he was aware of the fact of whether A had a title or not, where he had not plainly and distinctly covenated to pay A, and take the risks of the title afterwards? It unquestionably would. Then wherein is the difference between the case supposed and that now under consideration? There is none. The case of *Parker vs. Parmele, in* 20 *John. Rep.* 138, which is very analagous to this one, ruled the same principle, and determined, that in order to enable the plaintiff to recover the purchase money, he must aver and prove a tender of conveyance. A long train of authorities establish this rule beyond all question, and we think they are right.

We are clearly of opinion that the court below erred, in admitting evidence of a demand for groceries, &c., under an averment for money, and also, that it was error to instruct the jury that the plaintiff need not, in order to entitle him to recover the amount due on demand, aver and prove a tender of a good and sufficient deed of conveyance.

The judgment is therefore reversed, with costs, and a *venire de novo* awarded.