BENJAMIN THELAN and others *vs.* PAMELIA FARMER and others.

December 18, 1886.

**Action for Obstructing Highway—Requisites of Complaint.**—In an action by a private person, because of an obstruction to a public highway claimed to be injurious to his property, the character of the injury must be particularly alleged in the complaint, so that the court may determine whether it is different from that sustained by the public generally.

Appeal by plaintiffs from a judgment of the district court for Washington county, *McCluer,* J., presiding.

*Searles, Ewing & Gail,* for appellants.

*Clapp & Macartney,* for respondents.

GILFILLAN, C. J. This is an action for an injunction to restrain the defendants, the Farmers, from constructing in Union place, a public street in the city of Stillwater, a hay-scale, which the complaint alleges will, if constructed, be a public nuisance. The court below rendered judgment for the defendants on the pleadings, on the ground, as we understand, that the complaint does not show that plaintiffs will sustain any injury from the contemplated nuisance, special to themselves. The rule is well settled, and has in numerous cases been acted upon by this court, that no action can be maintained by a private person for an interference with or obstruction to a public highway unless he is thereby specially injured, and in a way not common to himself and the public at large, and that it is not

enough that the injury to him is greater in degree than the public generally suffer, if it be the same in kind. When an injury is special and distinct from that of the general public is sometimes difficult to determine. Some cases are very near the line. From the statements of the pleadings, and the situation of the premises as shown by a plat assumed and conceded on the argument to be correct, we find this to be one of those cases. For that reason we confine the scope of our decision to the precise facts of the case, which are these: Union place is a public street 40 feet in width. The defendants, the Farmers, owning lot 2 in block 25 of the town of Stillwater, which fronts on Union place, are about to construct, under permission of the city, a hay-scale in the street immediately in front of their lot, which, when constructed, will extend into the street a distance of 15½ feet from their lot line. Plaintiff Edward L. Hersey is the owner of lot 1 in said block, and lots 1 and 2 in block 26. The plaintiff Thelan owns lot 3 and the N. ½ of lot 4 in block 26. The plaintiff Mower owns lot 3 in block 25. All the lots front on Union place, the two blocks being opposite each other; lot 2, and a part of lot 3, in block 26, being opposite lot 2, in block 25. The allegations as to injury in the complaint are that the defendants "will thereby obstruct said public way, known as Union place, and impair its use by the public and these plaintiffs, to such an extent that the same will constitute a nuisance in said public way, and inflict on these plaintiffs, as abutting property-owners on said Union place, great and special injury, thereby leading to a multiplicity of suits, and irreparable injury to the plaintiffs and all others owning property on said Union place;" and "that the said hay-scales, without being used, will constitute an obstruction to the use of said public way by the public, and especially these plaintiffs;" and that the "use of said scales will practically impede and hinder the use of said highway or Union place to such an extent as to greatly depreciate the value of the plaintiffs' property fronting thereon, and prevent the beneficial use thereof by these plaintiffs, which said property is now improved by buildings and stores situate thereon, fronting on said Union place, and now occupied by plaintiffs or their tenants."

In a case of this kind a general statement of damage is not sufficient; for, the cause of action depending on the injury to plaintiff being different from that sustained by the public, its character must be particularly alleged, so that the court may see that it is different,— that it is special injury, such as will entitle a private person to maintain an action. The complaint does not attempt to do this. It is not enough that it calls the injury special, without showing in what it consists or in what manner it accrues. Nor is it enough to allege a depreciation of the value of plaintiffs' property in consequence of the public nuisance, for that alone will not entitle them to maintain the action. *Shaubut* v. *St. Paul & S. C. R. Co.*, 21 Minn. 502; *Rochette* v. *Chicago, Mil. & St. Paul Ry. Co.*, 32 Minn. 201, (20 N. W. Rep. 140;) *Barnum* v. *Minnesota Transfer Ry. Co.*, 33 Minn. 365, (23 N. W. Rep. 538.) If the nuisance cut off or materially obstructed access to their property, it would be different. *Brakken* v. *Minn. & St. L. Ry. Co.*, 29 Minn. 41, (11 N. W. Rep. 124.) And doubtless special injury to particular property may be caused by a public nuisance in other ways. The complaint does not attempt to show injury in any such ways.

Judgment affirmed.