WILLIAM O. LONG v. CITY OF MINNEAPOLIS.[1]

May 6, 1895.

Nos. 9419—(216).

**Nuisance—Private Action.**

*Held,* the acts complained of and set out in plaintiff's complaint amounting to a public nuisance, that plaintiff has failed to show that he has sustained a particular injury for which he is entitled to bring a private action.

Appeal by defendant from an order of the district court for Hennepin county, Smith, J., overruling a demurrer to the complaint. Reversed.

*C. J. Rockwood* and *D. F. Simpson,* for appellant.
*John H. Long* and *Andrew S. Keyes,* for respondent.

[1] Reported in 63 N. W. 174.

COLLINS, J.   This is an appeal from an order overruling defendant's demurrer to the complaint, the grounds of the demurrer being those specified in G. S. 1894, § 5232, subds. 3–6.   We see no reason for stating in detail the allegations found in the complaint, many of which are unnecessary and of no consequence, on the admission of counsel who drew it.

It is clear from this pleading that the acts alleged to have been committed by defendant city, complained of and relied upon by the plaintiff, consist in. asserting and exercising control over a body of water, and the shores of the same, all within the city limits; a part of said shore being within a public parkway, and the balance within the limits of ordinary public highways,—the effect being to exclude plaintiff and all other persons from the lake waters, except under certain rules and regulations; and also in building and maintaining a fence along the parkway, and certain structures in and about the waters. Of course, there can be no remedy or relief, unless these acts were committed wrongfully and unlawfully, and, if they were so committed, they constitute a public nuisance for the abatement of which plaintiff, not specially injured, according to the complaint, cannot maintain an action.   He is simply a taxpayer and resident of the city. It is not averred that he is a riparian owner, and his injury is therefore exactly like that of every other member of the public.   The rights which he is attempting to assert in this action are public rights, enjoyed in common with people generally, and he has not sustained a particular injury or damage for which he may have a private action.   He has failed to show any special or particular damage arising from the alleged nuisance, apart from the common injury, and for that reason the demurrer was well taken.

Order reversed.