NELSON H. REEVES v. BACKUS–BROOKS COMPANY.[1]

May 31, 1901.

Nos. 12,577—(114).

**Riparian Right.**

The rule of law as to the rights of a riparian owner to the use of the water between his shore line and the navigable channel of a river, laid down in Brisbine v. St. Paul & S. C. R. Co., 23 Minn. 114, and other cases, approved, and applied to the conceded facts in the case at bar.

**Same—Use of Flowing Water.**

All persons having lands on the margin of a flowing stream have, by nature, certain riparian rights in the water of that stream, whether they exercise those rights or not. and they may begin to use them when they choose. It matters not how much the owner of land upon a stream has actually used the water, or whether he has used it at all, his right to it remains unaffected for any period of time.

**Error.**

Held, that the lower court erred when, upon the ground that plaintiff had failed to establish his right to recover, it dismissed this case, and also erred when it denied plaintiff's motion for a new trial.

Action in the district court for Hennepin county to recover $300 damages for trespass, and to restrain defendant from maintaining its boom, logs and other obstructions in the Mississippi river in front of plaintiff's land and from interfering with his riparian rights. The case was tried before Harrison, J., who at the close of plaintiff's testimony granted a motion to dismiss the action.

[1] Reported in 86 N. W. 337.

From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*T. A. Garrity,* for appellant.

The rights which appellant has in the river as a riparian proprietor are his exclusively, subject and subservient only to the public right of navigation; and an encroachment thereon or an interference therewith constitutes a trespass, for which the law entitles him to an injunction. Brisbine v. St. Paul & S. C. R. Co., 23 Minn. 114; Carli v. Stillwater St. Ry. & T. Co., 28 Minn. 373; Dutton v. Strong, 1 Black, 23; Yates v. Milwaukee, 10 Wall. 497; Lyon v. Wardens, L. R. 1 App. Cas. 662; Morrill v. St. Anthony Falls W. P. Co., 26 Minn. 222, 226; Railroad Co. v. Schurmeir, 7 Wall. 272; Rasicot v. Little Falls Imp. & Nav. Co., 65 Minn. 543; Gravel v. Little Falls Imp. & Nav. Co., 74 Minn. 416; Union Depot St. Ry. & T. Co. v. Brunswick, 31 Minn. 297; Miller v. Mendenhall, 43 Minn. 95; Hanford v. St. Paul & D. R. Co., 43 Minn. 104, 113; Delaplaine v. Chicago, 42 Wis. 214; People v. Tibbetts, 19 N. Y. 523; Swanson v. Mississippi & R. R. Boom Co., 42 Minn. 532, 534; Weaver v. Mississippi & R. R. Boom Co., 28 Minn. 534; McKenzie v. Mississippi & R. R. Boom Co., 29 Minn. 288; Chapman v. Oshkosh, 33 Wis. 629. The acts of respondents have deprived appellant of his right to gather driftwood on his shore, of his right of access by boat to the channel of the river and of his private right of fishing. For such injuries appellant is entitled to damages and to prevent continuing injury injunction is the proper remedy. Emans v. Turnbull, 2 Johns. 313; 21 Am. & Eng. Enc. 982; Hill v. Lord, 48 Me. 83; Gould, Waters, §§ 25, 192; Proctor v. Adams, 113 Mass. 376, 377; Anthony v. Gifford, 2 Allen, 549; Rogers v. Judd, 5 Vt. 223; Murphy v. Ryan, I. R. 2 C. L. 143; Mayor v. Graham, L. R. 4 Exch. 361. It matters not how much the owner of land upon a stream has actually used the water, or whether he has used it at all, his right to the use of it remains unaffected during any period of time. A mere nonuser of his right raises no presumption against him. Sampson v. Hoddinott, 1 C. B. (N. S.) 590; Buddington v. Bradley, 10 Conn. 212.

*Rockwood & Schwager,* for respondent.

COLLINS, J.

The facts in this action stand conceded. It appears that the plaintiff is the owner and in occupation of a five-acre tract of land on the shores of the Mississippi, above the city of Minneapolis, in Hennepin county, and having a river frontage of about three hundred thirty feet. His father owns a tract of the same area lying adjoining on the south, and this is rented by the plaintiff and used in connection with his own. In front of these five-acre tracts the river is about fifteen hundred feet wide. The defendant company owns and operates a sawmill a short distance below, or south, on the river. In 1885 the Northern Mill Company leased of plaintiff the right to drive piling, string booms, and store logs in the river in front of his premises, and through this agreement piling was driven in the shallow water opposite his land, between low-water mark and the channel, booms strung, and logs boomed along the shore, annual rent being paid for the privilege. In 1894 the defendant succeeded to the property of the Northern Mill Company, and continued to use and occupy the water and shore as had its predecessor, paying rent therefor. In the year 1899 this arrangement terminated, and the defendant has ever since refused to pay for the use of the rights theretofore held under the lease. Piers and piling had been put into the navigable portion of the river, and defendant since its refusal to pay rent has built other piers opposite plaintiff's land. It has also maintained a boom with the north end fastened on his tract of land, near the north line, and the lower or south end fastened upon the shore of his father's land, near his south line. This boom is hung so that within it, and along the shore, the open-space of water does not exceed, at any one point, fifty feet in width, and just outside of it are defendant's logs, its log "trail," and sorting gap.

The result has been that since early in 1899 the unnavigable portion of the river in front of plaintiff's land, and in front of his father's, has been occupied, without the consent of either, and against the will of each, with the defendant's booms, piling, and piers, and mill logs brought down the river to be manufactured into lumber. This occupation has been with permanent structures, has been notorious and continuous, and by means thereof the owners of

the abutting lands have been cut off and deprived of all access to, and communication with, the navigable channel of the stream. This deprivation has been complete, and apparently in total indifference and disregard of plaintiff's riparian rights and privileges. This action was brought to recover damages for the alleged intrusion and trespass upon plaintiff's property, and to obtain a perpetual injunction prohibiting defendant from maintaining its booms and piling and piers and other obstructions, and from storing its logs along the plaintiff's shores in a manner calculated to deprive him of his right of access to the channel of the river from his own land. At the conclusion of the trial of the case, which was by the court without a jury, defendant's counsel moved to dismiss upon the ground that no right to recover had been established by the testimony. This motion was granted, the court giving its reason as follows, according to the record: "I fail entirely to find that the evidence sustains any allegation that the property of the plaintiff is in any manner specially damaged any different from the damage of the general public." The appeal is from an order denying plaintiff's motion for a new trial.

The action was improperly dismissed, and the motion for a new trial should have been granted. The order denying it will have to be reversed. The rights of riparian proprietors are well settled in this state, exactly as they have been elsewhere, and without any difference of opinion. The plaintiff, as a riparian proprietor, has, in addition to rights in common with the public, certain exclusive rights in and to his river frontage, and he cannot be deprived of these except by due process of law. A public corporation, authorized to condemn his shore rights, might, by making just compensation, secure the privileges which defendant insists upon exercising by main strength. But it is simply a private corporation, and can acquire none of plaintiff's property rights except by contract with him. As such corporation it has the right, in common with others, to drive its logs down the water way or public thoroughfare, and it has all rights incidental to this,—such rights as necessarily grow out of the use of the stream for navigation in a reasonable manner. See Castner v. The Steamboat Dr. Franklin, 1 Minn. 51 (73); Doucette v. Little Falls Imp. & Nav. Co., 71

Minn. 206, 73 N. W. 847. The plaintiff's rights as proprietor of land abutting on the river are exclusive, and, if substantially interfered with, he is entitled to recover damages. Any substantial or unwarranted interference with them constitutes a trespass, for which he is entitled to compensation, and, if such trespass is of a permanent character, he is entitled to a writ of injunction prohibiting a continuance of the wrong. The law which governs in this and like cases has often been stated by this court. Perhaps as clear and concise an exposition as any is found in Brisbine v. St. Paul & S. C. R. Co., 23 Minn. 114, 130, thus:

A riparian owner has

"The right to enjoy free communication between his abutting premises and the navigable channel of the river; to build and maintain, for his own and the public use, suitable landing-places, wharves, and piers, on and in front of his land; and to extend the same therefrom into the river, to the point of navigability, even though beyond low-water mark; and to this extent exclusively to occupy, for such and like purposes, the bed of the stream, subordinate and subject only to the navigable rights of the public, and such needful rules and regulations for their protection as may be prescribed by competent legislative authority."

In Union Depot, St. Ry. & T. Co. v. Brunswick, 31 Minn. 297, 17 N. W. 626, it was said:

"It is the settled law of this state that a riparian owner upon a navigable stream has the fee to low-water mark. But, in addition to this, he has, as incident to his ownership, certain riparian rights, among which is the right to enjoy free communication between his abutting premises and the navigable channel of the stream."

See also Rasicot v. Little Falls Imp. & Nav. Co., 65 Minn. 543, 68 N. W. 212; Gravel v. Little Falls Imp. & Nav. Co., 74 Minn. 416, 77 N. W. 217.

These quotations are a complete answer to the claim of defendant's counsel that a riparian owner cannot recover damages, except where the soil of his own land has actually been invaded and appropriated, or where he has occasion to exercise his right of access to navigable water, and has been prevented from so doing by a permanent obstruction erected or maintained by the other

party. It is not a question, as defendant's counsel seem to urge, to be disposed of by considering defendant's needs in the conduct of its business, or by inquiring as to whether or not plaintiff wishes, or has occasion to use or to exercise, his rights as a riparian owner.

"All persons having lands on the margin of a flowing stream have, by nature, certain rights to use the water of that stream, whether they exercise those rights or not, and that they may begin to exercise them whenever they will. * * * It matters not how much the plaintiff has used the water, or whether he has used it at all, * * * his right" to the use of it as a riparian owner remains unaffected during any period of time. A mere nonuser of his right raises no presumption against him. Sampson v. Hoddinott, 1 C. B. (N. S.) 590.

Nor is this an action to recover damages, or to abate a common nuisance, brought by plaintiff as one of the public, as the trial court seems to have thought. It is an action brought for a private injury and wrong, whereby plaintiff has suffered damages, and forever to restrain and prohibit a continuance of the obstructions which are the cause of the injury. If the evidence shows that by reason of the acts complained of plaintiff suffered damages, and that the acts which caused such damages are of a kind which defendant will continue, the former is entitled to an injunction against the doing of them, and against the maintaining of the obstructions in question in the river in front of his land, and is also entitled to compensation for the damages which he has suffered because of the acts complained of.

Order reversed.