## No. 11,345.

VANADIUM CORPORATION OF COLORADO, ET AL. *v.* WILLIS, EXECUTRIX.

Decided November 8, 1926.   Rehearing denied May 16, 1927.

### Action for damages.   Judgment for Defendant.

#### *Reversed.*

1. CONTRACT—*Stock Sale—Construed.*   Agreement construed and held to be one contract for the purchase of all stock specified therein, and to furnish securities to assure payment of a promissory note.

*On Rehearing.*

2. SALES—*Specific Performance.*   Where the purchaser of corporate stock substantially performs his part of the contract, it is held that he is entitled to specific performance by the seller.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Messrs. STORY & CROW, Messrs. BURGESS & ADAMS, for plaintiffs in error.

Messrs. McMULLIN, STERNBERG & HELMAN, Messrs. SMITH & BROCK, Mr. E. R. CAMPBELL, Mr. JOHN P. AKOLT, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Vanadium Corporation December 10, 1923, brought suit against George Stuart Willis, the defendant in error's testator, for damages for failure to furnish securities in accordance with the contract hereinafter set forth; Willis answered, setting up various de-

fenses and a counterclaim for specific performance of the agreement to deliver the 6875 shares of the stock mentioned in said contract. Willis died and the defendant in error was substituted as executrix. The court, taking notice of *Wood v. Casserleigh,* 30 Colo. 287, 293, 71 Pac. 360, 97 Am. St. Rep. 138, found that Willis had substantially performed his contract, gave the executrix the decree for the delivery of the 6875 shares less a thousand shares which the plaintiff company had lost by reason of the failure of Willis to furnish the securities, and the company brings error.

The essential facts are as follows: Willis, testator of the defendant in error, signed the following contract:

"Grand Junction, Colo., September 1, 1923.

The Vanadium Corporation of Colorado,

Grand Junction, Colorado.

Gentlemen:—

Confirming our recent conversations in Glenwood Springs and Grand Junction, I agree to purchase from your corporation eleven thousand eight hundred and seventy-five (11,875) shares of your capital stock, under the following conditions:

First. Five thousand ($5,000.00) dollars cash to be sent you upon my return to New York, or about September 15th, 1923, at which time five thousand (5,000) shares will be transferred to me. It being expressly understood that the money furnished to be used in further development of the mining property, being operated by the corporation.

Second. I also agree to assure payment at the Grand Valley National Bank, Grand Junction, Colorado, of a note for five thousand ($5,000.00) dollars, in favor of Reuel Morgan, due September 13th, 1923. Furnishing securities approved by said bank to assure payment of this note within six months, in the event that your corporation cannot pay said note within the period.

Upon payment of the Morgan note I will receive the balance of this stock, six thousand eight hundred and

seventy-five (6,875) shares. This stock in the meantime will be held under escrow agreement by the Grand Valley National Bank to be delivered to me upon payment of the Morgan note of five thousand ($5,000.00) dollars and accrued interest.

It is understood that the Vanadium Corporation of Colorado will repay this amount to Dr. George S. Willis from its first earnings of mining or milling operations.

Third. That I will use my best efforts to finance the building of a plant on your mining property with a capacity of treating a minimum of twenty (20) tons of ore a day, and to assist in the general promotion and progress of your corporation's operations.

Very truly yours,
(Signed)     Geo. Stuart Willis.
Witness: Chas. F. Curran.''

The court was right in considering this as one contract, and not the purchase of the 5,000 shares as one contract and of the 6,875 as another. It was also right in saying that the contract was not to furnish the securities within six months but to furnish them to assure payment within six months; this is the grammatical construction, the evident meaning, and the construction claimed by the defendant in error is irrational. Suit might be brought and the company ruined if the securities were not furnished for six months. The purpose of the securities was to procure the delay in the payment of the note.

The decree, however, is inconsistent with itself. It is based on the finding that defendant had substantially performed yet makes plaintiff a very substantial allowance because of defendant's partial failure to perform. This would necessitate a reversal, but there is more.

The contract was signed in Colorado. Willis returned to New York, remitted the $5,000 and the 5,000 shares were transferred to him; he never furnished securities. November 17th the company wrote him a letter amounting to an attempt to rescind, but afterwards, December

10th, brought this suit. Even then he neither furnished nor tendered the securities. The 6,875 shares were never put in escrow in the bank. The proper construction is that to furnish the securities and to put the stock in escrow are concurrent promises; any other construction is unfair to one side or the other and so not likely to have been intended. If we say the securities were to be furnished without the escrow deposited Willis would have no assurance of the delivery of the stock when the Morgan note was paid. If we say that the stock should be deposited in escrow before the securities are delivered, the company would have no assurance that Willis would promptly furnish the securities of which the company was then in urgent need and would have tied up its stock so that it could not use it in place of the securities as some of it was afterwards actually used. Neither promise can be enforced without performance or tender of the other. 13 C. J. 572, § 545; *Bailey v. White,* 3 Ala. 330, 332; *Glazebrook v. Woodrow,* 8 Term Rep. 366. *Hammond v. Gilmore's Adm'r,* 14 Conn. 479, 485; *Manuel v. Campbell,* 3 Ark. 324; *Humphries v. Goulding,* 3 Ark. 581; *Houston v. Spruance,* 4 Harrington's Del. Rep. 117; *Snow v. Johnson,* 1 Minn. 48. If the company would have a cause of action it should say "Here is the stock ready to be deposited, furnish the securities approved by the bank." If Willis would have a cause of action he should say "Here are the securities approved by the bank ready to be deposited; put the stock in escrow."

It follows that when the company brought the suit it was in no position to maintain an action for failure to furnish the securities, and the court was right in denying it any relief. The attempted rescission we need not consider.

It follows also from what we have said above that the counterclaim is worthless, because the defendant never furnished or tendered to the bank any security satisfactory to the bank or otherwise; therefore his testatrix could not recover damages for the failure to deposit the

stock in escrow, still less could she have specific performance.

It is suggested that since Willis broke his contract the plaintiff can get back the 5,000 shares. There would have been more in that suggestion if the company had tendered back the $5,000 and put Willis in statu quo, but not as the matter stands.

These considerations make it unnecessary to determine any of the other questions raised in the briefs.

The judgment is reversed with costs, with directions to the district court to dismiss the plaintiff's action and the defendant's cross-complaint and to make such order concerning costs in that court as may be deemed equitable.

Mr. Justice Campbell not participating.

Mr. Justice Whitford and Mr. Justice Adams dissent.

*On Rehearing.*

Per Curiam.

The opinion of a majority of the court is that Willis substantially performed, and therefore, under *Wood v. Casserleigh,* 30 Colo. 287, 71 Pac. 360, 97 Am. St. Rep. 138, and *City of St. Charles v. Stookey,* 154 Fed. 772, 85 C. C. A. 494, 13 C. J. 691, he is entitled to specific performance, and, further, that, since he substantially performed, the allowance of one thousand shares granted to plaintiffs by the district court was erroneous. The claim that that number of shares were lost by plaintiffs on account of his failure to put up the securities with the bank cannot avail because the note was not at any time in the bank and so he was never delinquent.

The judgment is reversed with directions to enter judgment for defendant as herein indicated.

The costs in this court must be charged to plaintiffs in error.