# IRA J. HILL v. STOKELY-VAN CAMP, INC.

109 N. W. (2d) 749.

June 16, 1961—No. 38,176.

*Seifert, Johnson & Hand,* for appellant.
*Guy E. McCune* and *Henry M. Gallagher,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the District Court of Faribault County denying plaintiff's motion for summary judgment. The questions presented were certified to this court as important and doubtful.[1]

The action is based upon an alleged creation of a nuisance in the operation of defendant's canning factory. Prior to the commencement of this action, two separate actions were brought by other property owners in the vicinity of plaintiff's property. In one action, Merrill H. Hall recovered a verdict in the sum of $1,350. Judgment was entered thereon, payment made, and the judgment satisfied. In the other action, a verdict was recovered by Byron Hall in exactly the same amount. An appeal was perfected to this court from an order denying a new trial, and we affirmed. Hall v. Stokely-Van Camp, Inc. 259 Minn. 101, 106 N. W. (2d) 8.

After issues were joined in the present action, plaintiff moved the court for summary judgment on the issue of liability, claiming that, inasmuch as the nuisance had been established by two former trials, the issue of liability was now res judicata by virtue of the judgment entered and satisfied in the Merrill Hall case and that an estoppel by verdict existed in the Byron Hall case under which defendant in this case was estopped from relitigating the issue of liability, leaving for determination only the question of damages. The appeal in the Byron Hall case was determined subsequent to the perfection of the appeal in this case. The facts relating to the alleged nuisance are sufficiently set forth in that opinion and need not be repeated here.

■ The general rule is that the doctrine of res judicata, as well as that of estoppel by verdict, does not operate to affect strangers to a judgment. It affects only those who are parties to the action or in privity with them.[2]

■ Plaintiff does not dispute the existence of the general rule but

---

[1]House v. Hanson, 245 Minn. 466, 72 N. W. (2d) 874.

[2]Twin City Federal Sav. & Loan Assn. v. Radio Service Laboratories, Inc. 242 Minn. 10, 64 N. W. (2d) 32; Minnesota Debenture Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 A. S. R. 354; 30A Am. Jur., Judgments, § 393.

contends that he comes within an exception to the rule predicated upon the premise that where an issue has been litigated in a prior action against one of the parties to the present action it is res judicata as to him on the same issue in the present action even though one of the parties was not involved in the former suit or in privity with a party who was involved. Under certain circumstances we have recognized the exception upon which plaintiff relies. In Gammel v. Ernst & Ernst, 245 Minn. 249, 72 N. W. (2d) 364, 54 A. L. R. (2d) 316, we held that a plaintiff who has selected his forum and presented his proof on an issue is bound by the judgment rendered therein on such issue in a subsequent action even though against another party. In some of our prior cases relied upon in the Gammel case it appears that there was some connection between the parties involved in the first and subsequent actions so that a sort of privity could be claimed.[3]

The entire subject is quite thoroughly discussed in 1 Freeman, Judgments (5 ed.) § 407, et seq. The limitations and exceptions to the general rule are to be found in § 409 and following sections, and many of the situations in which they may be applied may be found there.

Essential to the application of the rule, however, is a determination that the issue in the prior action is identical with that in the present case.

Plaintiff relies for the most part on Coca Cola Co. v. Pepsi-Cola Co. 36 Del. 124, 172 A. 260; Perkins v. Benguet Consol. Min. Co. 55 Cal. App. (2d) 720, 132 P. (2d) 70; Cover v. Platte Valley Public Power & Irrigation Dist. 162 Neb. 146, 75 N. W. (2d) 661; and our case of Gammel v. Ernst & Ernst, 245 Minn. 249, 72 N. W. (2d) 364, 54 A. L. R. (2d) 316.

While there are statements in these cases which might seem to support the claims of plaintiff, a careful examination of the decisions will show that they are not applicable here. In Coca Cola Co. v. Pepsi-Cola Co. *supra,* the court recognizes the rule that, where a fact has once been determined in an action between two parties, it is res judi-

---

[3]See, Adams v. City of Duluth, 175 Minn. 247, 221 N. W. 8; Myhra v. Park, 193 Minn. 290, 258 N. W. 515; Miller v. Simons, 239 Minn. 523, 59 N. W. (2d) 837.

cata even as to a person who was not a party to the original action or in privity with such party. The court is careful to limit the application of the rule to cases where the issues are identical in the two suits. Among other things, the court said (36 Del. 132, 172 A. 263):

"The present defendant pleading res judicata was not a party to the former proceeding and the judgment in the former proceeding did not bind it so there is no mutuality. The present plaintiff, against whom the res judicata is pleaded is alleged to have been the unsuccessful plaintiff in the former proceedings where the issues were alleged to have been identical with those here involved. We are not now passing upon the actual existence, as a fact, of the identity of the issues in the two proceedings, *for that identity must be proven.* But assuming the identity of the issues, we are of the opinion that a plaintiff who deliberately selects his forum and there unsuccessfully presents his proofs, is bound by such adverse judgment in a second suit involving all the identical issues already decided." (Italics supplied.)

Perkins v. Benguet Consol. Min. Co. *supra,* required a very complicated statement of facts. Reduced to simple terms, it might be explained as follows: Mr. and Mrs. Perkins, living in the Philippine Islands but citizens of the State of New York, became involved in a dispute as to the ownership of some stock of a corporation located in the Philippines. Through marital difficulties, this dispute was brought into court. The courts of the Philippines determined that Mr. Perkins was the owner of the stock. The New York court refused to follow this decision and held that Mrs. Perkins was the owner of the stock. Thereafter, obtaining jurisdiction in the State of California by impounding assets of the corporation, Mrs. Perkins brought an action seeking recovery of dividends which had been accumulated or paid to Mr. Perkins. The corporation interposed as a defense that Mr. Perkins was the owner of the stock, thus questioning the effect of the decision of the New York court. The decision of the California court is essentially that the determination of ownership of the stock by the New York court was res judicata. The decision is based largely on the holding that the corporation had no interest in the matter and was simply a stakeholder. The decision is of little value here.

The case that comes closest to supporting plaintiff's views is Cover v. Platte Valley Public Power & Irrigation Dist. *supra.* In that case an action was brought for damages caused by flooding certain land by an irrigation district. The court held that in previous litigation involving the same defendant it had been determined that a drain was inadequate; that defendant was negligent in constructing and maintaining such drain; that the determination of this issue in the prior action was final; and that the trial court, in subsequent litigation against the same defendant by a different plaintiff, could not relitigate the question of negligence in the construction of the drain. There is, however, a difference between determination of the question of negligence and determination of the question of whether a private nuisance exists. The determination that the irrigation district was negligent in the construction of the drain, thereby causing its insufficient capacity, would necessarily be true as to everyone whose land was flooded by virtue thereof. That is not true as to an alleged nuisance, for here it must be shown that the act is of such a nature as to affect the person or property of plaintiff injuriously and in a manner different from its effect upon the public. A nuisance may or may not be based upon the negligent act of the one creating it.[4] If proof of negligence in the creation of a private nuisance were an essential element in establishing the existence of such a nuisance, the Cover case would be authority for the fact that such negligence, having once been established, could not be relitigated, but the question of what effect the nuisance had on each individual in the determination of whether it constituted a private nuisance for which damages could be recovered would still be open to determination in each case. In this area, the issues are not identical, and the determination in one case is not res judicata in another.

■ Much of plaintiff's difficulty in this case arises, it seems to us, from his failure to distinguish a public nuisance[5] from a private one.[6] In his brief he says:

---

[4]Stuhl v. G. N. Ry. Co. 136 Minn. 158, 161 N. W. 501, L. R. A. 1917D, 317; 39 Am. Jur., Nuisances, § 24.

[5]See, 39 Am. Jur., Nuisances, §§ 7 and 8.

[6]Id. § 9; 14 Dunnell, Dig. (3 ed.) § 7242.

"There is but one question for this Court to determine: Has the question as to whether or not the defendant, respondent herein, committed *a public nuisance* during its canning season in 1956 and 1957, been judicially determined by the judgment in the Merrill Hall case and the verdict in the Byron Hall case, and therefore this respondent is now estopped from again litigating the same question in the case at bar?" (Italics supplied.)

A public nuisance is defined in Minn. St. 616.01[7] and a private nuisance in § 561.01.[8]

A nuisance may at the same time be public and private, but the distinction must be kept in mind in determining the redress available as to each.

As good a statement as any of the distinction between a public and private nuisance and the remedies available as the result of each is found in Aldrich v. Wetmore, 52 Minn. 164, 171, 53 N. W. 1072, 1073, where, speaking through Mr. Justice Mitchell, we said:

"A nuisance may be at the same time both public and private, public in its general effect upon the public, and private as to those who suffer a special or particular damage therefrom, apart from the common injury. The public wrong must be redressed by a prosecution

---

[7]"A public nuisance is a crime against the order and economy of the state and consists in unlawfully doing an act or omitting to perform a duty, which act or omission shall:

"(1)  Annoy, injure, or endanger the safety, health, comfort, or repose of any considerable number of persons;

"(2)  Offend public decency;

"(3)  Unlawfully interfere with, obstruct, or tend to obstruct or render dangerous for passage, a lake, navigable river, bay, stream, canal, or basin, or a public park, square, street, alley, or highway; or

"(4)  In any way render a considerable number of persons insecure in life or the use of property."

[8]"Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

in the name of the state; the private injury by private action. Take, for example, an establishment erected near a public street, which produces such noxious and offensive smells as to annoy the whole community. To all who come within its reach it is a nuisance, because it offends the senses; but, unless they have property or business in the vicinity which is injuriously affected, the injury to them would be one common to the public generally, for which no private action would lie; but those who live in the neighborhood, or who own property there, which is impaired in value by reason of the nuisance, may have their private actions, because their damage is special."

In Page v. Mille Lacs Lbr. Co. 53 Minn. 492, 499, 55 N. W. 608, 609, we said:

"That a nuisance * * * may be public in its general effect upon the public, and at the same time private as to those individuals who suffer a special and particular damage therefrom, distinct and apart from the common injury, need not be demonstrated by illustration. The public wrong inflicted upon all persons must be redressed by a public prosecution, and the private injury by an appropriate private action."

■ Before recovery can be had by a private individual it must be shown that he has suffered an injury special or peculiar to himself which is not common to the general public.[9] In Viebahn v. Board of County Commrs. 96 Minn. 276, 280, 104 N. W. 1089, 1091, 3 L. R. A. (N. S.) 1126, we said:

"* * * The general rule, upon which there is no conflict, is that a private action may be maintained to redress an injury of this character where the plaintiff has suffered some special or peculiar damage not common to the general public, and in such cases only."

■ Whether a private nuisance exists for which damages may be recovered by a private person presents a question of fact. To establish that fact, proof is necessary as to the effect and consequences of

---

[9]Reeves v. Backus-Brooks Co. 83 Minn. 339, 86 N. W. 337; Thelan v. Farmer, 36 Minn. 225, 30 N. W. 670; Long v. City of Minneapolis, 61 Minn. 46, 63 N. W. 174; 14 Dunnell, Dig. (3 ed.) § 7242.

the thing claimed to affect such person or his property injuriously. It is obvious that in this case the location of the alleged nuisance with respect to the location of plaintiff's property; whether plaintiff's property lies upstream or downstream from the alleged pollution; the distance of plaintiff's property from the source of the trouble; and many other factors may have a bearing upon a determination of whether the acts of defendant constitute a nuisance to plaintiff as distinguished from the general public. The mere fact that it has been established that the operation of the canning factory constituted a nuisance as against someone else is not sufficient to establish that it also constituted a recoverable nuisance as against this plaintiff. It may well be that once it is established that a public nuisance exists such determination would be effective as to everyone, but it is difficult to imagine how the question could arise again in connection with a public nuisance. In the field of a private nuisance, it must be shown in each case that the operation of the thing claimed to be a nuisance is such a nuisance as to him that he is entitled to recover damages.

Affirmed.

Mr. Justice Frank T. Gallagher took no part in the consideration or decision of this case.