NORTH STAR LEGAL FOUNDATION,
et al., Appellants,

v.

The HONEYWELL PROJECT, Marvin
Davidov, individually and as represent-
ative of the Honeywell Project, Respon-
dents,

Minnesota Nuclear Freeze Campaign,
Respondent,

Barry Mike Casper, Respondent,

Robert Lamb, Respondent,

Women Against Military Madness,
Respondent,

Polly Mann, Respondent,

Minnesota Women's Peace Encampment,
et al., Respondents,

Does I through XXX, the true and correct
names of these defendants being un-
known to plaintiffs, the persons intend-
ed being any and all persons participat-
ing in or causing the actions com-
plained of herein.

No. C8–84–725.

Court of Appeals of Minnesota.

Sept. 25, 1984.

Cheryl S. Margoles, Minneapolis, for Women Against Military Madness.

Polly Mann, pro se.

Edward H. Galbraith, Minneapolis, for Minnesota Women's Peace Encampment, et al.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, J.

## OPINION

POPOVICH, Chief Judge.

Appellants appeal the trial court's order dismissing their complaint for failure to state a claim for which relief may be granted. Appellants assert their claims were legally sufficient. We disagree and affirm.

## FACTS

On April 18 and October 24, 1983, several hundred persons were arrested at the Minneapolis headquarters of Honeywell, Inc. for violation of the Minnesota criminal trespass statute. Subsequently, appellants brought a suit in the district court as taxpayers on behalf of the City of Minneapolis and Hennepin County seeking damages and injunctive relief in connection with respondents' involvement in these protests.

Appellants' complaint was based on four theories:

(1) Respondents' violation of the Minnesota criminal trespass statute, Minn. Stat. § 609.605(5) (1982), damaged appellants by causing tax dollars to be spent on law enforcement.

(2) Enforcement of Minn.Stat. § 609.-605(5) gave respondents free media exposure of their political views. Public exposure of respondents' views is a private purpose. Thus, the use of public law enforcement funds to assist respondents' political objectives violated Article 10, section 1 of the Minnesota Constitution which requires tax money be spent for "public purposes."

(3) Respondents' actions constituted a private nuisance under Minn.Stat. § 561.-01 (1982).

Elliot Rothenberg, Minneapolis, for appellants.

Kenneth E. Tilsen, St. Paul, Mark S. Wernick, Minneapolis, for The Honeywell Project, Marvin Davidov, individually and as representative of the Honeywell Project.

Frederick H. Pritzker, Minneapolis, for Minnesota Nuclear Freeze Campaign.

Maury S. Landsman, St. Paul, for Barry Mike Casper.

John C. Goetz, Minneapolis, for Robert Lamb.

(4) Appellants are crime victims entitled to reparations under Minn.Stat. § 299B.04 (1982).

Respondents moved to dismiss for failure to state a claim upon which relief can be granted. Minn.R.Civ.P. 12.02(5). The trial court granted respondents' motion and dismissed appellants' complaint.

## ISSUE

Did appellants state a claim upon which relief can be granted?

## ANALYSIS

On a motion to dismiss, allegations in a complaint must be accepted as true and viewed most favorably to the plaintiff. *Abbariao v. Hamline University School of Law,* 258 N.W.2d 108, 111 (Minn.1977). Thus, a motion to dismiss will be granted only in limited circumstances.

No longer is a pleader required to allege facts and every element of a cause of action. * * * [A] pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded.

*Northern States Power Co. v. Franklin,* 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963). Liberal pleading rules, however, are not a substitute for substantive law.

### Count One

Appellants' first cause of action is based upon Minn.Stat.§ 609.605(5) (1982). Appellants claim this statute creates an implied cause of action allowing any Minnesota taxpayer, voter, or resident to seek damages for the enforcement of the statute. Minn. Stat. § 609.605(5) provides:

Whoever intentionally does any of the following is guilty of a misdemeanor:

\* \* \* \* \* \*

(5) Trespasses upon the premises of another and, without claim of right, re-

fuses to depart therefrom on the demand of the lawful possessor * * *.

*Id.*

Nothing in this statute even hints of a private cause of action for its violation. An essential element in a civil trespass action is the plaintiff's right to possession. *See Martin v. Smith,* 214 Minn. 9, 11, 7 N.W.2d 481, 482 (1942). Appellants do not claim a right to possession in the affected property. Therefore, we conclude appellants do not have an implied cause of action under the Minnesota criminal trespass statute.

### Count Two

Appellants claim Article 10, section 1 of the Minnesota Constitution gives taxpayers a cause of action against persons who are arrested. Minn.Const.Art. 10, § 1 provides:

The power of taxation shall never be surrendered, suspended or contracted away. Taxes shall be uniform upon the same class of subjects and shall be levied and collected for public purposes * * *.

*Id.* Under appellants' theory, the prosecution of Honeywell protesters is not a public purpose.

Appellants rely on *Sununu v. Clamshell Alliance,* 122 N.H. 668, 448 A.2d 431 (N.H. 1982). *Sununu* held citizens could bring suit on behalf of the state:

only with the express consent of the attorney general in writing which is made a part of the case file in the appropriate court.

*Id.* at 435. There is no evidence that the City of Minneapolis or Hennepin County support appellants' suit in any way or that their consent was ever requested. Moreover, this type of action under Article 10, section 1 has never been recognized in Minnesota. The trial court correctly found count 2 failed to state a claim upon which relief may be granted.

### Count 3

Appellants' third cause of action is brought as a private nuisance action under

Minn.Stat. § 561.01 (1982). Section 561.01 provides:

> Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance * * *.

*Id.* Appellants do not allege any interest in the affected property. Therefore, they do not have a cause of action under section 561.01.

█ Appellants' brief confuses private and public nuisance. Appellants suggest they may have alleged a sufficient claim of public nuisance. *See* Minn.Stat. § 609.74 (1982). Private persons may not bring a cause of action for public nuisance unless they allege some special or peculiar injury. *Hill v. Stokely-Van Camp, Inc.,* 260 Minn. 315, 320–21, 109 N.W.2d 749, 753 (1961).

> The general rule, upon which there is no conflict, is that a private action may be maintained to redress an injury of this character [public nuisance] where the plaintiff has suffered some special or peculiar damage not common to the general public, and in such cases only.

*Id.* at 321, 109 N.W.2d at 753 (citation omitted).

Appellants did not assert any "special or peculiar damage not common to the general public." *Id.* The trial court properly found appellants did not state a cause of action for private or public nuisance.

*Count 4*

█ In count 4, appellants claim they are entitled to reparations as crime victims under Minn.Stat. §§ 299B.03–.04 (1982). Under this statute, a "victim" is defined as a person who suffers "personal injury or death." *Id.* § 299B.02(9). "Injury" is defined as "actual bodily harm." *Id.* § 299B.02(8). Appellants do not assert they have suffered actual bodily harm or death from respondents' actions. The trial court properly dismissed this claim.

**DECISION**

The trial court properly found appellants failed to state a claim upon which relief may be granted.

Affirmed.